(May 10, 1979)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON FIGUEROA, Also Known as JOSE RAMIREZ, Appellant.—Judgment, Supreme Court, Bronx County, rendered August 5, 1977, convicting defendant, on his plea of guilty, of attempted robbery, first degree, and sentencing him to an indeterminate term of imprisonment of 1 to 10 years, unanimously modified, on the law, to reduce the maximum portion of the sentence to nine years, and otherwise affirmed. The District Attorney consents to the modification which is necessary to implement the court's promise to abide by the plea bargain as to the maximum term that would be imposed at sentence. Concur—Fein, J. P., Sandler, Bloom and Ross, JJ.

■ In the Matter of ALLEN PROCTOR, Petitioner, v HAROLD ROTHWAX, as a Justice of New York County Supreme Court, Respondent.—Application in the nature of mandamus denied and petition dismissed, without costs. Application for certificate granting leave to appeal to the Appellate Division granted and certificate pursuant to CPL 460.15 (subd 1) signed. Motion otherwise denied, without costs. By notice of appeal filed December 12, 1977, defendant-appellant-movant brought up for review his concurrent sentences imposed November 14, 1977 as a prior felony offender on two separate indictments, following pleas of guilty to robbery. Between the entry of the plea and imposition of sentence, defendant forfeited bail by his nonappearance on a scheduled date. He claims, though this controversy was decided against him by the sentencing court, that he was innocent in this regard, the failure to appear having been caused by the city-wide blackout of electricity at about that time, compounded by an erroneous instruction by a court officer. Be that as it may, defendant says that the episode provided a basis for improper increase of the sentence promised at the time of the plea. He also insists that he was compelled some time earlier by another Justice to withdraw a plea of guilty on a ruling that he was a predicate felon, and that he actually was not, but that the court paid no attention to his argument and vacated the plea regardless. He then made motions based on CPL 440.10 and CPL 440.20 to vacate the sentence, both denied, and then a double-barreled further attack by simultaneously moving here for mandamus to compel execution of what he says was an agreed sentence on his plea bargain, and simultaneously, under CPL 460.15, for permission to appeal from the postconviction denials. Quite obviously these two proceedings seek the same relief. Fortuitously, and this is unexplained in the papers, his assigned appellate counsel has not yet perfected the appeal from the underlying conviction. Judicial economy dictates that everything defendant argues be presented in one appeal. Therefore, as a matter of discretion in the interest of justice, we have disposed of the petition for mandamus by dismissal, there being no need for that extraordinary relief. The CPL 460.15 certificate, to be decided under the statute by a single Justice, has been granted by Justice Markewich. Its subject matter is to be consolidated with the pending appeal, and appellate counsel's assignment is to be broadened to include the postjudgment matters. Counsel is directed to proceed to perfect the consolidated appeal with all dispatch. Defendant's informal application to relieve and substitute counsel is denied, our attention not having been adverted to any reason therefor. Concur—Sandler, J. P., Sullivan, Bloom, Markewich and Silverman, JJ.